IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRANSCONTINENTAL REFRIGERATED LINES, INC.,** by **LAWRENCE V. YOUNG, ESQ.,** liquidating agent, | : : : : : | CIVIL NO. 1:13-CV-2163 (Chief Judge Conner) |
| Plaintiff, | : : | |
| v. | : : | |
| **NEW PRIME, INC.,** *et al.*, | : : | |
| Defendants. | : | |

## **MEMORANDUM**

Presently before the court is the motion (Doc. 1) to withdraw the reference to the bankruptcy court of the above-captioned adversary proceeding for jury trial in the district court, filed by plaintiff debtor Transcontinental Refrigerated Lines, Inc., ("Transcontinental"), by and through its liquidating agent, Lawrence Young, Esq., on August 15, 2013. For the reasons that follow, the court will grant the motion and accept jurisdiction over this matter pursuant to 28 U.S.C. § 157(d).

## I.  **Background**[1]

The bankruptcy court confirmed the First Amended Plan of Reorganization of Official Unsecured Creditors' Committee of Transcontinental ("First Amended Plan") on November 16, 2009. In re Transcontinental, No. 5:08-bk-50578, Doc. 354. The First Amended Plan appointed Lawrence V. Young, Esquire, ("Young") as

---

[1] The procedural background is derived from the docket sheets in the lead case and adversary proceeding in the bankruptcy court. In re Transcontinental, No. 5:08-bk-50578 (lead); In re Transcontinental, No. 5:10-ap-00092 (adversary).

liquidating agent and vested him with control of all property of the estate and assets of Transcontinental. See id. The plan also conferred upon Young the authority to assert and enforce "[a]ll causes of action under Chapter 5 of the Bankruptcy Code, all Claims against third parties, and all other causes of action and rights belonging to or in favor of [Transcontinental]." Id. On February 26, 2010, Transcontinental, through Young, commenced this adversary proceeding in order to liquidate claims against defendants New Prime Inc.; Stephen P. Hrobuchak; Janis Hrobuchak; Nicole Hrobuchak; Stephen Hrobuchak; David Hrobuchak; Lily Lake Family Trust; S&M Leasing, Inc.; Cherry Marine, LLC; Kevin Davis; John Doe; Eric Kalnis; James Duggan; Handler, Thayer & Duggan; and Handler Thayer LLP. See In re Transcontinental, No. 5:10-ap-0092, Doc. 1. In response to the Rule 12 motion of several defendants, Transcontinental filed an amended complaint on September 24, 2010. Id. at Doc. 55.

On June 12, 2012, the bankruptcy court conducted a scheduling conference with the parties. Id. at Doc. 226. During that conference, before discussion of any scheduling matters, defendant New Prime Inc. ("New Prime") suggested that the bankruptcy court might be divested of subject matter jurisdiction to hear certain of Transcontinental's claims as a result of the United States Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594 (2011). The bankruptcy court directed New Prime to brief its subject matter jurisdiction concerns, and when New Prime failed to file a motion or brief, the bankruptcy court issued an order directing all of the parties to brief the issue within twenty-one days. In re Transcontinental, No.

2

5:10-ap-0092, Doc. 237. The parties submitted timely briefs, and the court held oral argument on the limited issue of jurisdiction on October 11, 2012.

On June 10, 2013, the bankruptcy court issued an opinion and order dismissing Transcontinental's non-core claims—Counts I, II, and X of its first amended complaint—for lack of subject matter jurisdiction. Id. at Docs. 243-44. Transcontinental timely transferred its non-core state law claims to the Court of Common Pleas for Lackawanna County, Pennsylvania, and as a result, only its fraudulent transfer claims pursuant to 11 U.S.C. § 548 remained pending in the adversary proceeding before the bankruptcy court. The bankruptcy court further held that, pursuant to Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), the Section 548 claims were within its jurisdiction, but observed that it could not try the claims unless the parties waived their right to a jury trial or consented to the bankruptcy court conducting the trial. In re Transcontinental, No. 5:10-ap-0092, Doc. 243 at 5, 7 (citing 28 U.S.C. § 157(d)). The court subsequently conducted a telephonic conference call with the parties, during which all defendants refused to waive their jury trial rights and objected to a jury trial before the bankruptcy court. (Doc. 1 at ¶ 15).

On August 13, 2013, less than a month after the defendants refused to submit to jurisdiction before the bankruptcy court as to the § 548 claims, Transcontinental filed a motion to withdraw the reference and a supporting brief in the adversary proceeding. See In re Transcontinental, No. 5:10-ap-0092, Docs. 255-56. The motion was transmitted to this court on August 15, 2013. (Doc. 1). On September 25, 2013,

having received no opposition papers from the defendants, the court ordered responsive submissions to be filed no later than October 2, 2013. (Doc. 3). On October 1, 2013, New Prime filed responsive papers (Doc. 4) contending that Transcontinental's motion was untimely and must be denied. The remaining defendants subsequently filed notices (Docs. 5, 7-8) indicating their concurrence with New Prime's position and incorporating New Prime's argument as their own. Transcontinental did not file a reply brief.

## II. Standard of Review

Section 157(d) of the Judicial Code addresses both mandatory and permissive withdrawal of a district court's reference of a matter to the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause show. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The Code further provides that when the right to a jury trial applies to a proceeding over which the bankruptcy judge may have jurisdiction, such jurisdiction is contingent on a designation to exercise the same by the district court and requires "the express consent of all the parties." Id. § 157(e).

The Third Circuit has articulated several factors for district courts to review in considering whether to permissively withdraw a reference. In In re Pruitt, 910 F.2d 1160 (3d Cir. 1990), the appellate court explained that district courts making a

4

withdrawal determination should consider four factors: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, . . . and expediting the bankruptcy process." Id. at 1168 (quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). The panel observed that the timing of the withdrawal request may also be a relevant consideration. Id. at 1168 (quoting 1 COLLIER ON BANKRUPTCY ¶ 3.01[2][e]). That a bankruptcy court cannot conduct a jury trial in a particular matter may also constitute cause for permissive withdrawal. E.g. Uni Marts, LLC v. NRC Realty Advisors, LLC, 2009 U.S. Dist. LEXIS 49770, *4-6 (D. Del. June 11, 2009) (emphasizing that bankruptcy court cannot conduct jury trial without consent and granting motion to withdraw reference); In re Visteon Corp., 2011 U.S. Dist. LEXIS 49302, *11-12 (D. Del. May 9, 2011) (same).

### III. Discussion

The defendants evidently do not dispute the substantive propriety of withdrawing the reference to the bankruptcy court. Instead, defendants posit that the motion to withdraw is untimely and should be denied. Notwithstanding the parties' apparent agreement as to whether permissive withdrawal is appropriate, the court will first briefly consider whether the Pruitt factors are satisfied before turning to the issue of timeliness.

As noted above, the Third Circuit has directed district courts to consider such factors as uniformity in bankruptcy administration, avoiding forum shopping,

and fostering economical use of the parties' resources in determining whether to withdraw a reference of a particular matter to the bankruptcy court. Pruitt, 910 F.2d at 1168. There are presently no facts or argument before the court which signal that forum shopping is an underlying motivation for Transcontinental's motion, nor is there any indication that it would be non-economical for the district court to resolve the pending Section 248 claims. Further, because the parties have withheld jury trial consent, the bankruptcy court is prohibited from conducting the requested jury trial in this matter. See Uni Marts, LLC, 2009 U.S. Dist. LEXIS 49770 at *2 (because bankruptcy court "cannot hold a jury trial without the parties' consent," withdrawal is appropriate where any party has expressed its intention to seek a jury trial). As at least one other district court has acknowledged, "it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issue presented in this litigation" given that a district judge "must eventually preside over the jury trial." In re Gruppo Antico, 2005 U.S. Dist. LEXIS 38904, *3-5 (D. Del. July 1, 2005). Thus, the court concludes that the Pruitt factors favor withdrawal of the reference.

Turning to the timeliness inquiry, defendants assert that Transcontinental's motion to withdraw, filed August 15, 2013, is untimely because Transcontinental became aware of the potential jurisdictional issue as early as August 27, 2010, when one of the defendants filed a Rule 12 motion and raised lack of jurisdiction as one ground for dismissal. (Doc. 4 at 3). Defendants argue that Transcontinental was subsequently put on notice on a second occasion when the bankruptcy judge raised

6

questions and ordered briefing on the jurisdiction question during the pretrial conference on June 12, 2012. Defendants submit that because Transcontinental did not move to withdraw the reference until after the bankruptcy court issued its June 10, 2013 decision finding that it was without jurisdiction to hear the claims, the instantly pending motion is time-barred. The court disagrees.

The Judicial Code provides no bright line rule regarding time for filing a motion to withdraw a reference. See 28 U.S.C. § 157(d) (requiring motion to be "timely" but offering no further guidance). As the District Court for the Western District of Pennsylvania has observed:

> Regardless of which type of withdrawal is invoked, the motion to dismiss must be timely. However, neither Congress nor the United States Court of Appeals for the Third Circuit has decided when a motion to withdraw is untimely. Other courts have judged the timeliness of such motions by looking at when the movant first became aware of the facts or circumstances making withdrawal possible under § 157(d). A motion for withdrawal of reference should not be used by any part for the purpose of delay.

In re Allegheny Health Education and Research Foundation, 2006 U.S. Dist. LEXIS 91548, *4-5 (W.D. Pa. Dec. 19, 2006) (citing In re Mahlmann, 149 B.R. 866, 869 (N.D. Ill. Jan. 8, 1993); In re Sevko, Inc., 143 FB.R. 114, 116 (N.D. Ill. May 20, 1992); In re Giorgio, 50 B.R. 327, 328-29 (D.R.I. Jan. 31, 1985); In re Baldwin-United Corp., 57 B.R. 751, 754 (S.D. Oh. Sept. 27, 1985)).

The defendants argue that Transcontinental's representative "sat on his rights" with respect to withdrawal of the reference and that there is nothing in the

7

record to justify his delay. (Doc. 4 at 4). To the contrary, Transcontinental actively litigated the subject matter jurisdiction issue in the bankruptcy court when the issue was raised. See In re Transcontinental, No. 5:10-ap-0092, Docs. 237, 239, 241. Shortly after Transcontinental received the bankruptcy court's determination that it was without jurisdiction to hear Transcontinental's § 548 claims, Young filed a motion to withdraw the reference to this court. Id. at Doc. 255 (motion to withdraw filed less than two months after jurisdiction order issued).

The court cannot conclude that Transcontinental sat on its rights or delayed this adversary proceeding unreasonably by waiting to file the instant motion until a final jurisdictional decision was rendered by the bankruptcy court. Indeed, to move to withdraw the reference *before* the bankruptcy court had determined that it was without jurisdiction would have been premature and may have resulted in parallel, and potentially inconsistent, adjudications. With the exception of general averments regarding timeliness, defendants offer the court no other basis to deny Transcontinental's motion, and their silence as to such considerations as prejudice, motivation, and judicial economy indicates that defendants perceive no substantive problems should the court grant Transcontinental's motion. For these reasons, the court concludes that the two-month delay between the bankruptcy court's decision and the filing of the instant motion does not preclude the court from granting the said motion.

**IV. Conclusion**

Based on the foregoing, Transcontinental's motion (Doc. 1) to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) will be granted and the court will direct counsel to file all pertinent documents from the bankruptcy proceeding to the docket in this civil action (No. 1:13-cv-2163) no later than Monday, November 11, 2013. An appropriate order follows.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

Dated:     November 5, 2013