## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRANSCONTINENTAL** | : | **CIVIL ACTION NO. 1:13-CV-2163** |
| **REFRIGERATED LINES, by** | : | |
| **LAWRENCE V. YOUNG, ESQ.,** | : | **(Chief Judge Conner)** |
| **Liquidating Agent,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEW PRIME, INC.,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 31st day of July, 2015, upon consideration of the notice of

settlement (Doc. 166) filed jointly by plaintiff debtor Transcontinental Refrigerated

Lines, Inc., ("Transcontinental"), and defendant New Prime, Inc., ("New Prime"),

informing the court of a settlement agreement reached between Transcontinental

and New Prime, and advising that various pending motions are or will be rendered

moot thereby, but the court noting that a plaintiff may voluntarily dismiss an action

by notice only when the opposing party has not served an answer or a motion for

summary judgment, <u>see</u> FED. R. CIV. P. 41(a)(1)(A)(i), or by stipulation signed by all

parties who have appeared, <u>see</u> FED. R. CIV. P. 41(a)(1)(A)(ii), and that neither of the

provisions for dismissal by notice or stipulation are satisfied *sub judice*, but the

court observing that Rule 41 further permits a plaintiff to otherwise file a motion to

dismiss an action by court order on terms that the court deems proper, see Fed. R.

Civ. P. 41(a)(2); see also Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F.

Supp. 2d 645, 652 (M.D. Pa. 2008) (enumerating factors relevant to the court's

analysis under Rule 41(a)(2)),[1] it is hereby ORDERED that:

1.      The parties' joint notice of settlement (Doc. 166) is STRICKEN.

2.      Within seven (7) days of the date of this order, the parties shall file a stipulation of dismissal signed by all parties to the action, see FED. R. CIV. P. 41(a)(1)(a)(ii), or a motion to dismiss, see FED. R. CIV. P. 41(a)(2).

3.      Any filing pursuant to ¶ 2 shall clearly identify the claims and parties to be dismissed, and indicate whether the claims are to be dismissed with prejudice or without.  Cf. FED. R. CIV. P. 41(a)(1)(B), (2) (noting that, unless otherwise indicated by the parties or the court, dismissal shall be without prejudice).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The instant notice does not take the form of a motion as contemplated by Rule 41(a)(2).  Nor does it identify which claims and counterclaims are subject to the proposed dismissal or whether those claims should be dismissed with prejudice or without.  As a consequence, the court declines to construe the instant notice as a Rule 41(a)(2) motion.

2