IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRANSCONTINENTAL REFRIGERATED LINES**, by **LAWRENCE V. YOUNG, ESQ.**, Liquidating Agent, | : CIVIL ACTION NO. 1:13-CV-2163 : : (Chief Judge Conner) : |
| **Plaintiff** | : |
| v. | : |
| **NEW PRIME, INC.**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 19th day of October, 2016, upon consideration of the parties' dispute regarding the applicable burdens of proof at trial with respect to Transcontinental's claims of actual fraud and constructive fraud under § 548 of the Bankruptcy Code, 11 U.S.C. § 548(a)(1); (see Doc. 211 at 12; Doc. 213 at 5; Doc. 214 at 5), and further upon consideration of the parties' letter briefs in support of their respective positions, (see Docs. 220-21), and the court observing that the United States Court of Appeals for the Third Circuit has concluded that a preponderance of the evidence standard governs claims of constructive fraud under § 548(a)(1)(B), see In re Fruehauf Trailer Corp., 444 F.3d 203, 210-11 (3d Cir. 2006), but has not determined whether claims of actual fraud under § 548(a)(1)(A) are subject to the same standard or a heightened clear and convincing evidence standard, and it appearing that the district and bankruptcy courts are generally in disagreement with respect to the appropriate standard of proof for actual fraud claims under

§ 548(a)(1)(A), see, e.g., In re Innovative Commc'n Corp., No. 08-3004, 2011 WL 3439291, at *28 & n.82 (Bankr. D.V.I. Aug. 5, 2011); In re Lockwood Auto Grp., Inc., 450 B.R. 557, 562 & n.6 (Bankr. W.D. Pa. 2011); In re Hill, 342 B.R. 183, 197 (Bankr. D.N.J. 2006); In re Dolata, 306 B.R. 97, 117 & n.2 (Bankr. W.D. Pa. 2004); In re C.F. Foods, L.P., 280 B.R. 103, 110 n.14 (Bankr. E.D. Pa. 2002); In re Metro Shippers, Inc., 78 B.R. 747, 751 (Bankr. E.D. Pa. 1987), but that the more robust line of authority and "better reasoned decisions require proof only by the general federal standard of a preponderance of the evidence," 5 COLLIER ON BANKRUPTCY § 548.11(1)(b)(ii) (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) (collecting cases), and the court observing that application of a preponderance of the evidence standard to claims for actual fraud under § 548(a)(1)(A) is consistent with the decision of the Supreme Court of the United States in Grogan v. Garner, 498 U.S. 279 (1991), wherein the Court concluded, in determining the proper standard of proof for claims of "actual fraud" under § 523(a) of the Bankruptcy Code concerning nondischargeability of debt, that Congress, by its silence on the question, indicated an intent that the preponderance standard apply, id. at 287-88, and wherein the Court specifically observed that, unlike most states, Congress elected "the preponderance of the evidence standard when it has created substantive causes of action for fraud," id. at 288 (collecting statutes), and, following a comprehensive review of the parties' submissions and applicable decisional law, the court concluding that the Grogan

Court's *ratio decidendi* applies with equal force *sub judice*, it is hereby ORDERED that plaintiff's claim for actual fraud pursuant to 42 U.S.C. § 548(a)(1)(A) and constructive fraud pursuant to 42 U.S.C. § 548(a)(1)(B) shall be governed by a preponderance of the evidence standard at trial.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania