# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRANSCONTINENTAL REFRIGERATED LINES,** by **LAWRENCE V. YOUNG, ESQ.,** Liquidating Agent, : : : : : : **Plaintiff** : : **v.** : : **NEW PRIME, INC.,** *et al.*, : : **Defendants** : | **CIVIL ACTION NO. 1:13-CV-2163**<br><br>**(Chief Judge Conner)** |

## **ORDER**

AND NOW, this 12th day of June, 2017, upon consideration of the motion (Doc. 254) by defendant Stephen P. Hrobuchak ("Hrobuchak") requesting that the court reduce the monetary judgment entered against him and in favor of plaintiff Transcontinental Refrigerated Lines, Inc. ("Transcontinental"), through Lawrence V. Young, Esquire, Liquidating Agent, wherein the court entered judgment against Hrobuchak on Count I of the second amended adversary complaint (Doc. 143) in accordance with the jury verdict (Doc. 247) returned on November 17, 2016, and, pursuant to the Bankruptcy Code, see 11 U.S.C. §§ 548(a)(1)(A), 550(a), avoided the transfer to Hrobuchak of $939,614.34 from the asset purchase agreement entered by and between defendant New Prime, Inc. ("New Prime") and Transcontinental and from the sale of Transcontinental's accounts receivable, and directed return of same or the equivalent value thereof to Transcontinental, (Doc. 256 ¶¶ 2-5), and it appearing that Hrobuchak specifically entreats the court to reduce the judgment by the confidential settlement amounts paid to Transcontinental by New Prime and

the Handler Thayer & Duggan ("HTD") defendants,[1] (Doc. 254 at 3-4), and contends that Transcontinental "agreed" to such reductions in its pretrial memorandum, (see Doc. 254 at 4), in which Transcontinental set forth itemized damages for each of its several fraudulent transfer claims and calculated "[t]otal damages" of $4,017,545, to be "reduced *pro t[a]nto* by the confidential sums paid to the Liquidating Agent by all settling defendants pursuant to the various Settlement Agreements," (Doc. 205 at 19-20), and it appearing that Hrobuchak further contends that he, New Prime, and the HTD defendants are "joint tortfeasors" in the fraudulent transfer found by the jury's verdict, (Doc. 261 at 5), and taking Hrobuchak's arguments *seriatim*: *first*, concerning Transcontinental's reference to a *pro tanto* reduction in its pretrial filing, it being clear from the memorandum and from the nature of the claims *sub judice* that Transcontinental's reference contemplated appropriate reductions in the event of total recovery at trial of all damages claimed in its second amended adversary complaint, (see Doc. 205 at 19-20), which understanding accords with the Bankruptcy Code's prohibition against duplicative recovery, see 11 U.S.C. § 550(d) (limiting the trustee to a single satisfaction for each fraudulent transfer), and that our Rule 50 dismissal of certain of Transcontinental's claims and the partial verdict returned by the jury necessarily invoke a more nuanced inquiry into the propriety of Hrobuchak's requested reduction; and *second*, concerning Hrobuchak's assertion that New Prime and the HTD defendants are jointly and severally liable with him for the $939,614.34 transfer found by the jury, it appearing that the special verdict

---

[1] The HTD defendants are Eric Kalnis; James Duggan; Handler, Thayer & Duggan; and Handler Thayer LLP. (See Doc. 143).

form, agreed to by all parties, tasked the jury to calculate not the amount of the accounts receivable transfer *in toto*, but rather "the value of the money or property that *Stephen P. Hrobuchak received* under the [asset purchase agreement/accounts receivable]," (Doc. 247 at 1 (emphasis added)), such that the verdict rendered and judgment entered reflect only that portion of the avoided transfer for which Hrobuchak himself is liable individually, and the court concluding that Hrobuchak has not shown, nor does the trial record permit the inference, that New Prime or the HTD defendants received any portion of the $939,614.34 transfer upon which the jury's verdict and the court's judgment are based, nor that any of the settling defendants received a benefit from said transfer, and the court thus resolving that Hrobuchak is not entitled to a setoff from the judgment entered against him, (see Docs. 247, 256), it is hereby ORDERED that Hrobuchak's motion (Doc. 254) for setoff is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania